**KIRBY MORGAN DIVE SYSTEMS, INC., a California corporation, Petitioner–Appellee,**

v.

**HYDROSPACE, LTD., a Scottish limited liability company, Respondent,**

**and**

**David Smith, an individual resident of Scotland, Respondent–Appellant.**

**No. 10–55210.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed May 14, 2012.

Daniel M. Cislo, Esquire, Kristin B. Kosinski, Cislo & Thomas LLP, Santa Monica, CA, for Petitioner–Appellee.

Caroline Chan, Roy Garfield Weatherup, Lewis Brisbois Bisgaard & Smith, LLP, Gary E. Devlin, Esquire, John W. Sheller, Esquire, Hinshaw & Culbertson LLP, Los Angeles, CA, for Respondent–Appellant.

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and PIERSOL, Senior District Judge.*

* The Honorable Lawrence L. Piersol, Senior United States District Judge for the District of

## MEMORANDUM **

The district court clearly erred in determining that Smith was Hydrospace's alter ego. Kirby Morgan presented insufficient evidence to support a finding that Hydrospace was undercapitalized during the relevant period, and the fact that Smith was Hydrospace's sole owner and director "is insufficient to cause the court to disregard the corporate entity." *Leek v. Cooper*, 194 Cal.App.4th 399, 125 Cal.Rptr.3d 56, 68 (Ct.App.2011). Moreover, the district court failed to consider other relevant factors, such as whether Smith commingled his assets with those of Hydrospace, held himself out as liable for Hydrospace's debts and failed to keep proper corporate records and observe other corporate formalities. *See Sonora Diamond Corp. v. Superior Ct.*, 83 Cal.App.4th 523, 99 Cal. Rptr.2d 824, 836 (Ct.App.2000). Because Smith was not Hydrospace's alter ego, the district court erred in concluding that Smith consented to personal jurisdiction in California.

Nor did the district court have jurisdiction under the traditional minimum contacts framework, as Kirby Morgan presented no evidence that Smith "purposefully availed himself of the privilege of conducting activities in the forum" or "purposefully directed his activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal quotation marks omitted); *see id.* at 1155–56 (holding that "actions ... not aimed at California ..., regardless of foreseeable effect, are insufficient to establish jurisdiction"). We need not address whether Kirby Morgan's service of the petition for confirmation on Smith complied with 9 U.S.C. § 9, because, in any event, the district court's exercise of personal jurisdiction over Smith violated due process.

**REVERSED, VACATED and REMANDED with instructions to dismiss for lack of personal jurisdiction.**

South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.